IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DWAYNE ANDERSON                                                    PLAINTIFF

            v.                        Civil No. 5:22-cv-05116

JOHN OR JANE DOE, President, and Chief
Executive Officer of Walmart Inc.; WALMART,
INC.; SALLY CARROLL, Deputy Clerk, Benton
County District Court; JUDGE RAY BUNCH,
Benton County District Court; JENNIFER LOPEZ-
JONES, Clerk of Court, Benton County District
Court; UNITED STATES DISTRICT COURT
CLERK; JUDGE RAYMOND GRUENDER, United
States Court of Appeals for the Eighth Circuit; JUDGE
JANE KELLY, United States Court of Appeals for the
Eighth Circuit; JUDGE JONATHAN KOBES, United
States Court of Appeals for the Eighth Circuit;
UNITED STATES DEPARTMENT OF JUSTICE;
JUDGE KEMP, Arkansas Supreme Court; JUDGE
BAKER, Arkansas Supreme Court; and JUDGE
HUDSON, Arkansas Supreme Court                                     DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  Plaintiff, Dwayne Anderson ("Anderson"), is a non-

prisoner who has been given leave to proceed *in forma pauperis* ("IFP").   The case is before the

Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2)(b).

### I.      BACKGROUND

According to the Complaint, at some unspecified date,[1] Anderson submitted a written

---

[1] Anderson states his legal documents were stolen and thrown away which prevents him from knowing certain dates, names, and filing information.

1

request to Walmart to "make a purchase for gift card and birthday cards for my brother's birthday, which I had provided simultaneously with my said order sufficient .55 cents postage to secure the costs for shipping and my method of paying for such."  (ECF No. 1 at 2). Walmart apparently failed to respond to his written request because Anderson then attempted to arbitrate the dispute via JAMS Arbitration and Mediation "with defendant Walmart but received no response from JAMS, which I had provided notice of such to the legal department of Walmart." *Id.*

On July 7, 2020, Anderson attempted to file a civil action with the Benton County District Court against the President and Chief Executive Officer ("CEO") of Walmart Inc. and Walmart Inc. "for said President's willful and unlawful acts of concealing my written request" to purchase the gift card and birthday cards.  (ECF No. 1 at 2).   Deputy Clerk Sally Carroll returned the civil action and accompanying IFP application on the basis that Judge Ray Bunch, after reviewing the papers, determined they needed to be filed in the Benton County Circuit Court. *Id.* Because no case number had been assigned, Anderson returned the complaint, IFP, and letter from Deputy Clerk Carroll to Clerk of Court Jennifer Lopez-Jones to have the civil action duly filed, assigned a case number, and have an appropriate order from Judge Bunch as to whether the court had competent jurisdiction over the case. *Id.* Clerk Lopez-Jones did not respond. *Id.* Anderson filed a judicial misconduct complaint against Judge Bunch. *Id.*

On an unspecified date, Anderson submitted to this Court "an Application for A Special grand jury, pursuant to 18 U.S.C. 3332(a) regarding the defendants of said court conspiring to and depriving me of my federally protected rights." (ECF No. 1 at 2). Anderson asserts the United States District Court Clerk "concealed the grand jury application, thereby prompting me to file" a petition for writ of mandamus with the United States Court of Appeals for the Eighth Circuit – *In*

*re: Dwayne Anderson,* Case No. 20-3666 filed on December 22, 2020.[2]   *Id.*   This petition was denied on December 29, 2020, by a three- judge panel of the Eighth Circuit consisting of Judge Raymond Gruender, Judge Jane Kelly, and Judge Jonathan Kobes. *Id.*   Anderson maintains the Eighth Circuit panel omitted his "entire set of facts" and "has long been a detriment to my matters brought in that court" thereby depriving him of his civil rights.   *Id.*   Anderson then filed a "Complaint for Criminal violation by judges of said Court" with the United States Department of Justice.   *Id.* at 3.   Anderson received no response.   *Id.*   Anderson next filed a "futile Complaint of Judicial Misconduct" against the three-judge panel who denied his petition for writ of mandamus.   *Id.*

On December 13, 2021, Anderson states he filed a petition for writ of mandamus with the Arkansas Supreme Court.   (ECF No. 1 at 3).   Court records indicate *In re Dwayne Anderson,* CV-22-13, was filed on January 3, 2022.[3]   Anderson refers to the action taken by the Court on February 10, 2022.   *Id.*   According to the docket sheet, a February 10th order merely denied Anderson's IFP application.   Anderson was directed to pay the $165 filing fee by February 17, 2022.   There is no indication that Anderson paid the filing fee.   No other court orders have been entered.   Anderson adds that "the defendants had also discriminated against me on the basis of my being an African-American, of which they were well aware."   *Id.*

Anderson maintains he has been denied access to the courts in violation of the First Amendment, deprived of notice and a hearing in violation of the Due Process Clause of the

---

[2] Available on PACER.   The Court may take judicial notice of public records. *See e.g., Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003).
[3] Arkansas court records are publicly available on an Arkansas Courts Case Information website. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=CV-22-13&begin_date=&end_date=   (accessed July 19, 2022).

3

Fourteenth Amendment, and denied equal protection of the laws. (ECF No. 1 at 3). He asserts a racial discrimination claim under 42 U.S.C. § 1981, a civil conspiracy claim under 42 U.S.C. § 1985, a claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and common law violations of fraud, theft, and unfair and deceptive business practices regarding the Walmart Defendants. *Id.*

As relief, Anderson seeks a permanent injunction enjoining "all of the defendants described acts." (ECF No. 1 at 3). He also requests twenty million dollars in compensatory damages against the defendants jointly and severally. Finally, Anderson requests twenty million dollars in punitive damages against each of the defendants. *Id.* at 4.

## II.    LEGAL STANDARD

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains allegations that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal

4

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

### A.    Judicial Immunity

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967).   The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted).   Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story,* 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein,* 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell,* 369 F. Supp. 1032, (E.D. Mo.

1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981). Anderson's factual allegations against the Defendant Judges are for actions taken in their judicial capacity and thus, any claim for damages against them is barred.

Furthermore, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As to Anderson's claim under other civil rights actions including § 1981 and § 1985, he enjoys no right to prospective injunctive relief to remedy past constitutional violations. *Frost v. Sioux City, Iowa,* 920 F.3d 1158, 1162 (8th Cir. 2019). Anderson has alleged no facts suggesting he faces "a real and immediate threat that [he] would again suffer similar injury in the future." *Id.* Therefore, Judge Ray Bunch, Judge Gruender, Judge Kelly, Judge Kobes, Judge Baker, Judge Kemp, and Judge Hudson are absolutely immune from suit.

### B.      Quasi-Judicial Immunity

The doctrine of quasi-judicial immunity extends judicial immunity "to officials other than judges . . . because their judgments are functionally comparable to those of judges – that is, because they, too 'exercise a discretionary judgment' as part of their function." *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436 (1993). "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Mo.,* 948 F.3d 921, 928 (8th Cir. 2020) (citing *Antoine,* 508 U.S. at 436). *Boyer v. Cnty. of Washington,* 971 F.2d 100, 102 (8th Cir. 1992) ("Court clerks have quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction.") (cleaned

6

up).   The "filing of complaints and other documents is an integral part of the judicial process." *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (immunity extends to the loss of files).

In this case, Deputy Clerk Carroll returned his document with a letter advising that Judge Bunch had determined Anderson's complaint needed to be filed in the circuit court rather than in the district court.   Deputy Clerk Carroll undisputedly was acting at the direction of Judge Bunch when she returned Anderson's documents to him. Clerk Lopez-Jones' alleged offense was to fail to respond to Anderson's communication in which he requested the documents be filed, a case number assigned, and Judge Bunch enter an order as to whether the district court was one of competent jurisdiction.   Clerk Lopez-Jones could not do as Anderson requested given the prior directions of Judge Bunch.   As noted above, prospective injunctive relief is not available to Anderson.   Clerk Carroll and Clerk Lopez-Jones are entitled to dismissal on the basis of quasi-judicial immunity.

C.    **Eleventh Amendment Immunity**

To the extent Anderson's Complaint can be read as asserting official capacity claims against the state court Defendants, these claims are barred by the Eleventh Amendment.   The Eleventh Amendment bars claims for damages by private parties against a state.   *See e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995); *see also Fryberger v. Univ. of Ark.,* 889 F.3d 471, 473 (8th Cir. 2018) (Eleventh Amendment establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state").   An official capacity claim against government officials is the equivalent of a claim against the entity itself.   *Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Suits against state officials

7

in their official capacity . . . should be treated as suits against the State").  Thus, county court judges and county court clerks sued in their official capacities are shielded by Eleventh Amendment immunity.  *Knight v. Chatelain,* Case No. 8:19cv206, 2019 WL 2464789, *4 (D. Neb. June 13, 2019).

With respect to Anderson's claims for injunctive relief, a state official, in his or her official capacity, may be sued for prospective injunctive relief.  *See e.g., Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007)(§ 1981 case). However, prospective injunctive relief is not available to remedy past constitutional violations.  *Frost,* 920 F.3d at 1162.  Therefore, to the extent Anderson sues the state officials, in their official capacity for prospective injunctive relief, his claims should be dismissed.

The Court notes that Anderson has named the Clerk of the Benton County Circuit Court as a Defendant.  However, Anderson has not alleged he attempted to file any documents with the Circuit Court, and he has not made any other factual allegations involving this Defendant. Anderson fails to state a claim against the Clerk of the Benton County Circuit Court. Even had a claim been stated against the Clerk, it would be barred by Eleventh Amendment immunity.

### D.    Sovereign Immunity

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)(cleaned up).  To sue the United States, Anderson must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction.  *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.,* 235 U.S. 1109, 1112 (8th Cir. 2000).

8

By suing directly under the constitution, Anderson brings what is known as a *Bivens* action. *Bivens,* 403 U.S. 388.   *Bivens* actions are limited to actions brought against individual defendants only in their personal capacity.   *Bivens* does not waive sovereign immunity for actions against the United States.   *See e.g., Buford v. Runyon,* 160 F.3d 1199, 1203, n.6 (8th Cir. 1998). While sovereign immunity is waived under the Administrative Procedure Act, 5 U.S.C. § 702, for suits where the Plaintiff seeks nonmonetary relief, *Raz v. Lee,* 343 F.3d 936, 938 (8th Cir. 2003), as previously stated, prospective injunctive relief is not available to cure past violations of constitutional rights.   Thus, the United States Department of Justice and the United States District Court Clerk are immune from suit.

### E.    Private Defendants

Anderson has sued the President of Walmart and Walmart.   Anderson's claim is based on his written request to purchase a gift card and birthday cards.   Anderson premises his claims on 42 U.S.C. § 1981(a), guaranteeing that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."   The right to make and enforce contracts is defined as 'includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."   42 U.S.C. § 1981(b).

"To establish a prima facie case of discrimination in the retail context, plaintiff must show (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, and (3) interference by the defendant with an activity protected under the statute."   *Green v. Dillard's, Inc.,* 483 F.3d 533 (8th Cir. 2017); *see also Kirt v. Fashion Bug # 3252, Inc.,* 495 F. Supp. 2d 957 (N.D. Iowa 2007) (fact that customer entered store with intent to purchase pink jeans did not give

rise to a contractual interested protected by § 1981).   Although Anderson alleges Walmart's refusal to allow him to purchase the gift card and birthday cards was because he is an African American, Anderson avers his purchase request was written and the Court finds, under those circumstances, Walmart would have had no knowledge of his race.   No plausible § 1981 claim is stated.

Anderson included a claim under 42 U.S.C. § 1985. "To state a claim under the equal protection provisions of the first part of § 1983(3), [Plaintiff] must allege (1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 757-758 (8th Cir. 2004) (cleaned up). The purpose element requires there to be "some racial, or perhaps otherwise class-barred, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971). "In addition, [Plaintiff] must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand alone rights." *Federer*, 363 at 758. As noted above, since Anderson's request was in writing, Walmart had no means of knowing Anderson was an African-America, and thus, no plausible § 1985(3) claim is stated.

To the extent Anderson asserts a claim under § 1983, section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution.   *West v. Atkins*, 487 U.S. 42 (1988).   Private individuals and entities do not act under color of state law unless they are acting in concert with

state officials.   *De Rossitte v. Correct Care Solutions, LLC.,* 22 F.4th 796, 802 (8th Cir. 2022).

Anderson has made no such allegation, and therefore, has not stated a plausible claim under §

1983.

**F.**   **State Law Claims**

Because all of Anderson's federal law claims are subject to dismissal, the Court

recommends declining an exercise of jurisdiction over his state law claims.   28 U.S.C. §1367(c).

## **IV.**   **CONCLUSION**

For these reasons, the undersigned recommends:

(1) That Anderson's Complaint be **DISMISSED WITHOUT PREJUDICE** as all
    federal claims asserted therein either are frivolous, are against persons immune from
    suit, or fail to state claims upon which relief may be granted, 28 U.S.C. § 1915; and

(2) That the Court decline to exercise supplemental jurisdiction over Anderson's state law
    claims.   28 U.S.C. § 1367(c).

**The parties have fourteen (14) days from receipt of the Report and Recommendation
in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file
timely objections may result in waiver of the right to appeal questions of fact.   The parties
are reminded that objections must be both timely and specific to trigger de novo review by
the district court.**

**DATED** this 20th day of July 2022.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE