IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DWAYNE ANDERSON**                                                                   **PLAINTIFF**

**V.**                       **CASE NO. 5:22-CV-5116**

**JOHN OR JANE DOE, President, and Chief
Executive Officer of Walmart, Inc.;
WALMART, INC.;
SALLY CARROLL, Deputy Clerk,
Benton County District Court;
JUDGE RAY BUNCH, Benton County
District Court;
JENNIFER LOPEZ-JONES, Clerk of Court,
Benton County District Court;
UNITED STATES DISTRICT COURT CLERK;
JUDGE RAYMOND GRUENDER,**
United States Court of Appeals for the Eighth Circuit;
**JUDGE JANE KELLY,**
United States Court of Appeals for the Eighth Circuit;
**JUDGE JONATHAN KOBES,**
United States Court of Appeals for the Eighth Circuit;
**UNITED STATES DEPARTMENT OF JUSTICE;
JUDGE KEMP, Arkansas Supreme Court;
JUDGE BAKER, Arkansas Supreme Court; and
JUDGE HUDSON, Arkansas Supreme Court**          **DEFENDANTS**

## ORDER

On July 20, 2022, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff Dwayne Anderson's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") (Doc. 6). Magistrate Judge Comstock recommends that the Complaint be dismissed. First, she finds that Judges Bunch, Gruender, Kelly, Kobes, Baker, Kemp, and Hudson are absolutely immune from suit. Second, she finds that claims against court clerks Carroll and Lopez-Jones are entitled to dismissal on the basis of quasi-judicial immunity. Third, she finds that all official capacity claims for

damages against the state court Defendants are barred by the Eleventh Amendment, and any claims for prospective injunctive relief against those same Defendants are not cognizable. Fourth, she determines that the United States Department of Justice and the United States District Court Clerk are immune from suit. Fifth, she finds that Mr. Anderson failed to state a valid claim against all private Defendants under 42 U.S.C. §§ 1985 and 1983. Lastly, she recommends declining to exercise supplemental jurisdiction over any remaining state court claims.

In response to the R&R, Mr. Anderson filed an Objection (Doc. 8) that essentially has no content and does not require a separate ruling. The Objection only references a Motion to Amend the Complaint (Doc. 9) that Mr. Anderson filed on July 29, 2022. The proposed amended complaint does nothing more than add Magistrate Judge Comstock as a separate defendant—for recommending that Mr. Anderson's case be dismissed. Mr. Anderson also filed a Motion to Recuse Magistrate Judge Comstock (Doc. 7), again, for making judicial recommendations that are adverse to Mr. Anderson.

The Court has reviewed the case *de novo* and agrees with the R&R's recommendations. First, **IT IS ORDERED** that the Motion to Recuse (Doc. 7) and Motion to Amend the Complaint (Doc. 9) are both **DENIED**. Next, **IT IS ORDERED** that the R&R (Doc. 6) is **ADOPTED IN ITS ENTIRETY**. For the reasons stated therein, the Complaint is **DISMISSED WITHOUT PREJUDICE** as all claims either: (1) are frivolous, (2) are asserted against persons who are immune from suit, or (3) fail to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915. Further, to the extent any state law claims remain, the Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c). The Clerk is directed to close the case.

**IT IS SO ORDERED** on this 9th day of August, 2022.

                                           /s/ Timothy L. Brooks
                                           TIMOTHY L. BROOKS
                                           UNITED STATES DISTRICT JUDGE